COMMONWEALTH vs. ADAM DAVILA. March 5, 2014. *Controlled Substances. Constitutional Law,* Plea, Conduct of government agents. *Due Process of Law,* Plea, Presumption. *Practice, Criminal,* Plea, Conduct of government agents, Presumptions and burden of proof. *Evidence,* Guilty plea, Certificate of drug analysis, Presumptions and burden of proof.

Like *Commonwealth v. Scott, ante* 336 (2014); *Commonwealth v. Torres, post* 1007 (2014); and *Commonwealth v. Bjork, post* 1006 (2014), this case is one of four decided today in which the Commonwealth appeals a grant of the defendant's motion to vacate his guilty plea under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). This case arises out of the revelation of the wrongdoing of Annie Dookhan, a chemist at the William A. Hinton State Laboratory Institute's forensic drug laboratory (Hinton drug lab) from 2003 to 2012. The full extent of the investigation into Dookhan's conduct is set forth in *Scott, supra* at 338-342, and reveals multiple deliberate breaches of laboratory and testing protocols by Dookhan as well as her falsification of test results for forensic evidence samples in an unknown, and likely unidentifiable, number of drug cases until her June, 2011, reassignment out of the Hinton drug lab.[1]

Here, the defendant was charged with one count of distribution of a class A controlled substance (heroin) and one count of distribution of a class B controlled substance ("crack" cocaine) under G. L. c. 94C, §§ 32 (*a*) and 32A (*a*), respectively. Like the defendant in *Scott*, the defendant here entered into a plea agreement with the Commonwealth before the allegations against Dookhan came to light. Furthermore, Dookhan signed both of the certificates of drug analysis in the defendant's case on the line labeled "Assistant Analyst." Upon learning of the investigation of Dookhan, the defendant filed a motion to withdraw his guilty pleas, which was granted. The Commonwealth appealed, and we granted the Commonwealth's application for direct appellate review.

For all the reasons set forth in *Scott*, we vacate the grant of the defendant's motion to withdraw his pleas. We remand the case so that the defendant may file a motion to amend his motion for a new trial to assert that his pleas were involuntary and unintelligent in order to avail himself of the conclusive presumption we have set forth in *Scott*. The trial court judge must then consider whether the defendant can show a reasonable probability that had he known of Dookhan's misconduct at the time of his pleas, he would have refused to plead guilty and insisted on going to trial.

The order granting the defendant's motion to withdraw his guilty pleas is vacated, and the case is remanded for further proceedings in light of *Scott, supra*.

*So ordered.*

[1] See *Commonwealth v. Scott, ante* 336, 337 n.3 (2014).

*Vincent J. DeMore,* Assistant District Attorney, for the Commonwealth.

*George F. Gormley (Stephen P. Super* with him) for the defendant.

*Emma A. Andersson & Ezekiel R. Edwards,* of New York; *Emily A. Cardy & Eric Brandt,* Committee for Public Counsel Services; *& Matthew R. Segal & Elizabeth A. Lunt,* for Committee for Public Counsel Services & others, amici curiae, submitted a brief.

---

[1]See *Commonwealth* v. *Scott, ante* 336, 337 n.3 (2014).